UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACK CHARLES MASSENGALE, | ) |
| Plaintiff, | ) Civil Action No.: 05-2275 (RJL) |
| v. | ) |
| UNITED STATES, and the<br>UNITED STATES HOUSE OF REPRESENTATIVES, | ) |
| Defendants. | ) |

**MOTION TO DISMISS**

Defendants, the United States and the U.S. House of Representatives, respectfully move to dismiss this case pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. Plaintiff alleges that he slipped and fell on the sidewalk in front of a House office building and that he is entitled to damages under the Federal Tort Claims Act ("FTCA"). Because he failed to present his claim for damages to the appropriate federal agency within the two-year limitations period, however, his claim does not fall within the government's waiver of sovereign immunity in the FTCA and thus should be dismissed for lack of jurisdiction. Moreover, the House of Representatives must be dismissed because it is not a proper defendant under the FTCA.

As a *pro se* plaintiff, Massengale is advised that if he fails to respond to this motion, the Court may grant this motion and dismiss his case because of his failure to respond. See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988).

A supporting memorandum, three declarations, and a proposed order are attached.

March 23, 2006                                   Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JACK CHARLES MASSENGALE,<br><br>   Plaintiff,<br><br>  v.<br><br>UNITED STATES, and the<br>UNITED STATES HOUSE OF REPRESENTATIVES,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No.: 05-2275 (RJL)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants, the United States and the U.S. House of Representatives, respectfully move to dismiss this case for lack of subject matter jurisdiction under Rule 12(b)(1). Plaintiff's tort claim is untimely under the Federal Tort Claims Act ("FTCA") and therefore exceeds that statute's waiver of the government's sovereign immunity. In addition, the House of Representatives must be dismissed as a named defendant because it is not a proper defendant in an action under the FTCA.

**Background**

Plaintiff, Jack Charles Massengale, alleges that he slipped and fell on the sidewalk on January 15, 2003, in front of the Cannon House Office Building, while walking along First Avenue, S.E., in Washington, DC. Complaint ¶ 2. Massengale further alleges that he tripped over a "Hubbell TrukTrak . . . barrier placed all-the-way across the public sidewalk[.]" Id. (According to information from agency counsel and photos in Massengale's written administrative claim, the TrukTrak barrier is apparently a three-inch high hard plastic protective

cover for temporary electrical wires and/or pipes, used to enable vehicle traffic to cross over the protected lines without harming them.)  Although the complaint does not explicitly allege that any federal agency caused his alleged injuries, through negligence or otherwise, Defendants interpret the complaint, filed *pro se*, as alleging that some federal agency was negligent in deploying the TrukTrak on the sidewalk.

Prior to submitting a written claim, Massengale visited the House of Representatives' Office of the General Counsel and discussed his accident with an attorney for the House, John Filamor.  See Ex. 1, Filamor Decl. ¶ 3.  The House attorney advised Massengale that any administrative tort claim he might have would be properly filed with the U.S. Capitol Police because, as Filamor understood from his prior experience, the U.S. Capitol Police maintains the TrukTrak devices.  Id.

Instead of filing a written claim with the Capitol Police, however, Massengale filled out the SF-95 claim form by addressing it to the House of Representatives and mailing it to the U.S. Department of Justice, Torts Branch ("DOJ-Torts").  See Ex. 2, Bodolay Decl. ¶ 7.  The SF-95 Massengale filled out indicated that a Capitol Police officer witnessed the incident.  See id. (SF-95, attached thereto as exhibit 2).  Massengale mailed the claim to DOJ-Torts on December 23, 2004, and DOJ-Torts received it on December 28, 2004.  Id.  DOJ-Torts forwarded the written claim to the House of Representatives Office of General Counsel on February 8, 2005, and notified Massengale of the transfer by separate letter on the same date.  Id. ¶¶ 8-9.  It bears noting that the claim Massengale sent to DOJ-Torts was addressed only to the House, not to either DOJ-Torts or the Capitol Police.  See id., attached SF-95.

The House's Office of General Counsel received the transferred claim from DOJ-Torts on

February 25, 2005.  See Ex. 1, Filamor Dec. ¶ 4.  The House then re-forwarded the claim to the Capitol Police on February 28, 2005.  Id. at ¶ 5.  The House never received any written claim or other correspondence directly from Massengale; it only received his claim from DOJ-Torts.  Id. at ¶ 6.

The U.S. Capitol Police, in turn, received Massengale's transferred claim from the House on March 2, 2005.  See Ex. 3, Barrios Decl. ¶ 5.  Although Massengale did send some material directly to the Capitol Police, it was only various medical records of his--it was not a claim form nor anything resembling a complete claim (e.g., stating a sum certain claim), and it was not received by the Capitol Police until January 20, 2005.  See id. ¶ 6.  The Capitol Police, after receiving the claim from the House, and the materials from Massengale, made several attempts to contact Massengale and request that he provide additional necessary information, but Massengale did not respond.  Id. ¶ 8.  Waiting for Massengale's response, the Capitol Police ultimately let the six-month statutory response time lapse, effectively denying his claim.  Id.

## Argument

**I.     Massengale Failed to Present His Claim to the Appropriate Agency Within the Two Year Statute of Limitations.**

The FTCA contains two statutory limitations periods, one of which is relevant here: a tort claimant must present his claim to the appropriate federal agency within two years of the tort:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (emphasis added).  Because the claimant must "present" his claim "to the

3

appropriate Federal agency" within the statutory time period, the FTCA's statute of limitations functions as a receipt rule, not a mailbox rule. This is consistent with the D.C. Circuit's treatment of the two-year statutory time bar in the FTCA:

> Appellant's argument that he filed a claim with the Administrative Office of the United States Courts and that office refused to transfer his claim to the appropriate agency for review does not excuse him from complying with the exhaustion requirements because appellant was responsible for filing his claim with the appropriate administrative agency.

Anderson v. United States, No. 02-5112, 48 Fed. Appx. 794, 2002 WL 31317924 (D.C. Cir. Oct. 16, 2002). Thus, the statute mandates that the claimant bears the responsibility for delivering his written claim to the correct agency within two years of accrual of his claim. Here, Massengale did not deliver his claim to the U.S. Capitol Police in a timely manner. Instead, the U.S. Capitol Police did not receive his claim until March 2, 2005, well after the FTCA's limitations period ran on January 15, 2005. His claim should therefore be dismissed as untimely.

This conclusion is not altered by the fact that many courts consider the possibility of applying equitable tolling to the FTCA's time limit for filing an administrative claim. See, e.g., Norman v. United States, 377 F. Supp. 2d 96, 100 (D.D.C. 2005) (Sullivan, J.) (citing, *inter alia*, Irwin v. Dep't of Veterans' Affairs, 498 U.S. 89, 95-96 (1990)). Equitable tolling applies where:

(1)   A plaintiff "has actively pursued his judicial remedies," 377 F. Supp. 2d at 100, with the caveat that the courts "have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights," 498 U.S. at 96;

(2)   Where a defendant has "induced or tricked" the plaintiff into missing the deadline, 377 F. Supp. 2d at 100; or

4

>    (3)   Where "plaintiff, despite all due diligence . . . is unable to obtain vital information bearing on the existence of his claim," id. at 101.

None of these bases for equitable tolling exist in this case because, first, Massengale did not exercise due diligence in mailing his administrative claim to DOJ-Torts Branch, which had no discernable connection to the events leading up to his fall in front of the Cannon House Office Building. This conclusion stands on that fact alone, but it is certainly bolstered by the facts that Massengale was advised by the House agency counsel to send his claim to the Capitol Police, but did not do so, nor did he send copies simultaneously to all three agencies; and all the while he claims the incident was witnessed by an officer from the Capitol Police.

Second, not only did the government not "induce or trick" him into sending his claim to DOJ-Torts Branch, but the agency counsel at the House correctly advised him to send it to the U.S. Capitol Police, see Filamor Decl., which ultimately accepted and processed the claim.

Third, Massengale may not claim equitable tolling on the basis of being unable, despite due diligence, to obtain vital information necessary for him to file his claim with the appropriate federal agency because (1) his own claim form indicates likely involvement of the Capitol Police; (2) he was provided with correct information about where to send his claim at his meeting with the House agency counsel, see Filamor Decl. ¶ 3; and (3) the fact that he did send some materials directly to the Capitol Police (albeit late and legally insufficient material), see Barrios Decl. ¶¶ 6 & 8, indicates that he actually had the contact information for the Capitol Police. In sum, Massengale cannot claim equitable tolling because he had timely and correct information about where to send his claim, and he acted otherwise, waiting until close to the end of the two-year limitations period before taking any action at all, and even then inexplicably sending the claim

only to the wrong agency.

It should also be clear that both DOJ-Torts and the House acted appropriately in transferring his claim.  Given that Massengale waited until close to the end of the two-year time period, addressed his claim to one agency (the House), and mailed it to another (DOJ-Torts), it is to be expected that this would delay considerably the ultimate receipt of the claim by the appropriate agency.  Thus, even if the Court applies the "constructively filed" concept from cases like Hart v. Dep't of Labor, 116 F.3d 1338, 1340 (10th Cir. 1997) (noting that an administrative FTCA claim in some cases may be "constructively filed" as of the date received by the wrong agency), in this case it is still "clear that plaintiff's failure to []file in a timely manner cannot be attributed to any dilatory conduct on the part of a federal agency," id. at 1341.  Accord Greene v. United States, 872 F.2d 236 (8th Cir. 1989) (finding constructive filing with wrong agency where that agency failed to transfer claim to appropriate agency); Bukala v. United States, 854 F.2d 201, 202 (7th Cir. 1988) (finding constructive filing with wrong agency where that agency took over a year to transfer claim to appropriate agency); Cronauer v. United States, 394 F. Supp. 2d 93 (D.D.C. 2005) (Walton, J.); see also 28 C.F.R. § 14.2(b)(1).  Therefore, the FTCA's receipt rule directly controls this case because there is no basis for equitable tolling and Massengale's claim should not be deemed constructively filed as of the date he mailed his (incomplete) form to what he should have known was the wrong agency.

**II.   The House of Representatives Must be Dismissed as Improper Defendant.**

The FTCA provides that "[t]he United States shall be liable" for certain tort claims, see 28 U.S.C. § 2674, but it does not create a cause of action against agencies of the United States,

see id. at § 2679(a), such as the House of Representatives.[1]  Courts consistently require FTCA suits to be brought against the United States as the proper defendant and dismiss cases naming federal agencies.  See, e.g., Adeogba v. Migliaccio, 266 F. Supp. 2d 142, 145 (D.D.C. 2003) (dismissing FTCA suit brought against the Immigration and Naturalization Service); Seitu v. Rutherford, No. 96-575, 1997 WL 122919 (D.D.C. Mar. 12, 1997) (U.S. Marshals Service); Wright v. J.E. Bach & Assoc., No. 95-2056, 1996 WL 626439 (D.D.C. Oct. 24, 1996) (General Services Administration); Beran v. United States, 759 F. Supp. 886 (D.D.C. 1991) (Secret Service).  Accordingly the House of Representatives must be dismissed as a defendant.

## Conclusion

For the foregoing reasons, this case should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

March 23, 2006                         Respectfully submitted,

 

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

---

[1] The FTCA's definition of agency includes "executive departments, the judicial and legislative branches," see 28 U.S.C. § 2671, even though it does not authorize civil actions against them.

7

**Certificate of Service**

I hereby certify that I caused a copy of the foregoing Motion to Dismiss, supporting Memorandum, Exhibits, and Proposed Order to be served upon *pro se* plaintiff by first class mail addressed to:

> Jack Charles Massengale
> 7105 Steed Ct.
> Hyattsville, MD 20782

on this 23rd day of March, 2006.

_____
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov