RECEIVED
APR 1 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

JACK CHARLES MASSENGALE

   Plaintiff                          CIVIL ACTION NO 05-2275 (RJL)

v.

UNITED STATES, and the
UNITED STATES HOUSE OF REPRESENTATIVE

   Defendants

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**
and
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON LIABILITY**

1. The Defendants' Motion to Dismiss signifies nothing, except obstacles and real delay, both of which equate to every-day-run-of-the-mill de rigeur harassment intended to subvert justice

**FACTS**

2. The simple facts: I fell <u>on the House of Representatives sidewalk</u> surrounding the Cannon House Office Building on First Street NE. The Hubbell TrukTrak cable cover that caused my fall was sitting openly and notoriously on the <u>on the House of Representatives sidewalk</u> bordering First Street outside the Cannon House Office Building. . The Hubbell TrukTrak was always intended for the passage of trucks, never intended for my rather pedestrian passage. The bright yellow and blue Hubbell TrukTrak i<u>on the House of Representatives sidewalk</u> was easily visible by any cursory examination by any House of Representative employee. The Hubbell TrukTrak <u>on the House of Representatives sidewalk</u> was used to cover an ordinary outdoor electrical

cable,. such as is used to power electrical lawn mowers. This electrical cable conducted electrical power from an outlet popping up in the House of Representative lawn around the Cannon House Office Building place <u>on the House of Representative sidewalk</u> to a mobile traffic blocking gate on First Street near Constitution Avenue, which was raised and lowered by an electrical motor supplied with power by the cord. Presumably, even obviously after 9-11, this was intended to prevent terrorist attacks. Thus, through my fall over the Hubbell TrukTrak barrier <u>on the House of Representatives sidewalk</u> I may be seen as an accidental casualty of the "war on terror,".. "collateral damage" if you will permit use of a term of sanitizing military jargon. Yet, as Washington, D.C., has not been declared a war zone, no "war on terror" argument could supersede liability under the FTCA.

    3. The mechanism of my fall is this: I walked uphill from the South Capitol Street Metro Station on First Street past the Cannon House Office Building holding the handle of my chromed baggage cart (two wheels) on with I had bungeed my old large heavy rectangular leather briefcase. I was leaning forward into the incline. I fell over the Hubbell TrukTrak onto the sidewalk. I was pushed by the Hubbell TrukTrak and my briefcase and fell onto the sidewalk, sustaining injuries and becoming unconscious for a time. A couple of fellow pedestrians picked me up. I revived and continued to my goal at the U.S. Supreme Court. The Supreme Court nurses then administered first aid and advised that I should go to the hospital forthwith. I did after talking to the U.S. Guard. I walked back downhill past the Cannon House Office Building and stopped in to tell the guard about my accident and hazard to pedestrian sidewalk navigation posed by the Hubbell TrukTrak <u>on the House of Representatives sidewalk</u>. I talked to a Korean

appearing guard, but did not get his name in my haste. I then went as directly as possible to the hospital, as instructed by the nurses.

4. Inculpation, not exculpation, of the House of Representatives is the logical result of the statements of Mr. John Filamor, Assistant General Counsel of the House of Representatives, made to me. Mr. Filamor, in his affidavit, at Exhibit 1 to the Defendants' Motion to Dismiss, stated:

> "At some point prior to February 2005, Jack Massengale visited our office, and I spoke to him. At that meeting, Mr. Massengale indicated that he wished to file an FTCA claim for injuries that he allegedly sustained when he tripped over a security barrier [which included the Hubbell TrukTrak <u>on the House of Representatives sidewalk</u>] in one of the streets in front of the Cannon House Office Building. I informed Mr. Massengale at that time that he should file his claim with the U.S. Capitol Police (USCP) because <u>it was my understanding from prior experience</u> that the USCP maintained the barriers." [emphasis added]

5. The security barrier Mr. Filamor knew about from prior experience included the Hubbell TrukTrak which was <u>on the House of Representatives sidewalk</u>. Thus, Mr. Filamor admits that ..<u>it was [his] understanding from prior experience</u>... that the Hubbell TrukTrak barriers were impeding and potentially ensnaring pedestrians outside his very law offices, which, by the way, have windows overlooking the very same First Street NE side of the Cannon House Office Building as the sidewalk I fell on. The admitted negligent failure of Mr. John Filamor, and any and all other House of Representatives employees and agents, to obtain removal of the Hubbell TrukTrak obstacle <u>on the House of Representatives sidewalk</u>, and obtain substitution of a suitable pedestrian cable cover, to prevent my accidental fall, or any prior incidents Mr. Filamor knew about <u>from prior experience</u> does not relieve the House of Representatives from legal liability under the FTCA, au contraire, .. au contraire. Mr. Filamor also admitted in his sworn declaration to

-3-

receiving my timely FTCA complaint.

## LEGAL ARGUMENT ON MOTION TO DISMISS

6. Defendants cited 28 U.S.C. Section 2401(b) that the FTCA claim must be "...presented in writing to the appropriate Federal agency within two years..." [emphasis added] of the incident. The House of Representatives is the appropriate Federal agency.

7. The House of Representative is the appropriate Federal agency because the Hubbell TrukTrak I tripped over was located on the House of Representatives sidewalk and I fell on the House of Representatives sidewalk. No one has denied the duty of the House of Representatives to maintain the sidewalk on First Street NW outside the Cannon House Office Building. No one from the House of Representatives, not even John Filamor, Deputy General Counsel of the House of Representatives, who admitted under oath knowing about the security barrier from prior experience took action to prevent my accidental fall over the Hubbell TrukTrak, which failure is negligence. Mr. Filamor also admitted receiving my timely FTCA complaint. I need not say more.

9. I am no spring chicken. I hope and pray to be 85 years old this year on July 26. I am proud that I served the United States during World War II as an intelligence officer in the U.S. Army 82nd Airborne Corps, and that I continue to serve the United States even now, despite my infirmities, as a volunteer lieutenant colonel in the Civil Air Patrol of the U.S. Air Force. I am aware of the obstacles almost all officials place in the way of any request for action or relief. The old point-the-finger-at someone-else gambit is well known to me. Mr. Filamor's pointing the finger at USCP for my accidental fall on the House of Representatives sidewalk due to a security barrier he knew about from prior experience, thus admitting his own negligence in failing to rectify the situation, which is

imputed to his employer, would be amusing were it not so cliched and hackneyed and tiresome and distressing and irksome and odious, and decidedly unfunny. I have come to expect such misdirection almost as a matter of course. Clarity is the friend of the deserving plaintiff; Obscurity the friend of his or her defendant.

    10. Defendant's Motion to Dismiss should be DENIED as to the United States.

    11. Plaintiff consents to Defendants' Motion to Dismiss the House of Representative as a party to this suite, while maintaining that the House of Representatives was the appropriate Federal agency with which to file his administrative appeal.

Respectfully submitted

*/s/ Jack C. Massengale*
Jack C. Massengale, Pro Se
7105 Steed Court
Hyattsville, MD 20782
301-779-2971
fedservice@yahoo.com

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

JACK CHARLES MASSENGALE

    Plaintiff                                CIVIL ACTION NO 05-2275 (RJL)

v.

UNITED STATES, and the
UNITED STATES HOUSE OF REPRESENTATIVES

### AFFIDAVIT OF JACK C. MASSENGALE

1. The simple facts: I fell <u>on the House of Representatives sidewalk</u> surrounding the Cannon House Office Building on First Street NE. The Hubbell TrukTrak cable cover that caused my fall was sitting openly and notoriously on the <u>on the House of Representatives sidewalk</u> bordering First Street outside the Cannon House Office Building. . The Hubbell TrukTrak was always intended for the passage of trucks, never intended for my rather pedestrian passage. The bright yellow and blue Hubbell TrukTrak <u>ion the House of Representatives sidewalk</u> was easily visible by any cursory examination by any House of Representative employee. The Hubbell TrukTrak <u>on the House of Representatives sidewalk</u> was used to cover an ordinary outdoor electrical cable,. such as is used to power electrical lawn mowers. This electrical cable conducted electrical power from an outlet popping up in the House of Representative lawn around the Cannon House Office Building place <u>on the House of Representative sidewalk</u> to a mobile traffic blocking gate on First Street near Constitution Avenue, which was raised and lowered by an electrical motor supplied with power by the cord.

2. The mechanism of my fall is this: I walked uphill from the South Capitol

Street Metro Station on First Street past the Cannon House Office Building holding the handle of my chromed baggage cart (two wheels) on with I had bungeed my old large heavy rectangular leather briefcase. I was leaning forward into the incline. I fell over the Hubbell TrukTrak onto the sidewalk. I was pushed by the Hubbell TrukTrak and my briefcase and fell onto the sidewalk, sustaining injuries and becoming unconscious for a time. A couple of fellow pedestrians picked me up. I revived and continued to my goal at the U.S. Supreme Court. The Supreme Court nurses then administered first aid and advised that I should go to the hospital forthwith. I did after talking to the U.S. Guard. I walked back downhill past the Cannon House Office Building and stopped in to tell the guard about my accident and hazard to pedestrian sidewalk navigation posed by the Hubbell TrukTrak <u>on the House of Representatives sidewalk</u>. I talked to a Korean appearing guard, but did not get his name in my haste. I then went as directly as possible to the hospital, as instructed by the nurses.

*[signature]*
Jack Massengale

City of Washington
District of Columbia

SUBSCRIBED AND SWORN to before me this 8th day of April 2006.

*[signature]*
Notary Public

Josefina Pia
Notary Public, District of Columbia
My Commission Expires 2-28-2009

*[notary seal]*

-2-