UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JACK CHARLES MASSENGALE,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES, and the<br>UNITED STATES HOUSE OF REPRESENTATIVES,<br><br>      Defendants. | Civil Action No.: 05-2275 (RJL) |

**DEFENDANTS' COMBINED (1) REPLY IN SUPPORT OF MOTION TO DISMISS AND (2) OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON LIABILITY**

Defendants, the United States and the U.S. House of Representatives, respectfully file this combined memorandum in order to reply to plaintiff's combined (1) opposition to defendants' motion to dismiss and (2) motion for summary judgment on liability. Plaintiff, appearing *pro se*, makes few arguments worthy of any response.

    1.    Plaintiff Jack Charles Massengale is mistaken in asserting that John Filamor, assistant counsel for the House of Representatives, made any concessions regarding liability. See Plf. Opp. at 3 ¶ 5. Massengale uses selective quotations and inserts his own language for misleading effect. As Filamor's declaration makes clear, Filamor merely explained his understanding that the U.S. Capitol Police maintained the Truk-Trak at issue and, therefore, the Capitol Police would be the appropriate agency to process any tort claim arising from the operation of the Truk-Trak. The undisputed record in this case also demonstrates that Filamor was correct because the Capitol Police eventually did acknowledge that it was the appropriate

agency. Consistent with that, Massengale has submitted medical records in support of his administrative claim directly to the Capitol Police General Counsel's office (albeit untimely). See Barrios Dec. at 2 ¶ 6.

2. Simply because the sidewalk at issue is in front of the House of Representatives does not mean that the House is necessarily the appropriate agency for any tort claims arising out of maintenance of the sidewalk and/or operation of the Truk-Trak. The House is not the appropriate agency, as demonstrated by the documentation supporting defendants' motion to dismiss, and Massengale offers no authority in his opposition to support his assertion that the House is the appropriate agency.

3. Massengale also falsely asserts that Filamor "admitted receiving my timely FTCA complaint." Plf. Opp. at 4 ¶¶ 5, 7. On the contrary, Filamor's declaration makes clear that the House never received an FTCA claim directly from Massengale. Title 28 U.S.C. § 2401(b) requires a tort claim to be "presented in writing to the appropriate federal agency within two years after such claim accrues," and the only FTCA claim the House received from Massengale was the untimely claim that it received indirectly from the Department of Justice on February 25, 2005, which was after the FTCA's 2-year limitations period had expired.

4. Massengale makes no argument that equitable tolling applies in this case, and indeed equitable tolling does not apply.

5. Massengale properly consents to the dismissal of the House of Representatives, id. at 5 ¶ 11, as it is not a proper party to this suit.

6. Finally, Massengale's filing contains nothing that would support his motion for summary judgment regarding liability. Indeed, Massengale himself describes the Truk-Trak

barrier as "easily visible by any cursory examination," see Plf. Opp. at 1 ¶ 2.

Accordingly, for the reasons herein and set forth in defendants' motion to dismiss, the Court should dismiss this case.

April 24, 2006                                    Respectfully submitted,

                                                /s/
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

                                                /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

                                                /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

**Certificate of Service**

I hereby certify that I caused a copy of the foregoing Defendants' Combined (1) Reply in Support of Motion to Dismiss and (2) Opposition to Plaintiff's Motion for Summary Judgment on Liability to be served upon *pro se* plaintiff by first class mail addressed to:

    Jack Charles Massengale
    7105 Steed Ct.
    Hyattsville, MD 20782

on this 24th day of April, 2006.

                                                      /s/
                                ALAN BURCH, D.C. Bar # 470655
                                Assistant United States Attorney
                                555 4th St., N.W.
                                Washington, D.C. 20530
                                (202) 514-7204
                                alan.burch@usdoj.gov