**RECEIVED**

APR 2 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

JACK CHARLES MASSENGALE

    Plaintiff                         CIVIL ACTION NO 05-2275 (RJL)

v.

UNITED STATES

### PLAINTIFF'S AMENDED MOTION FOR
### SUMMARY JUDGMENT AS TO LIABILITY

Rule 56(b) of the Federal Rules of Civil Procedure permit a summary judgment disposition when there is no dispute as to the material facts.

1. The House of Representatives owns and controls the public sidewalk on the side of First Street, Southeast, on which the Cannon House Office Buildings faces. Defendant has not denied in any documentation supporting its Motion to Dismiss that the House of Representative owned and the said public sidewalk – and has not pointed "the moving finger" at any other agency or entity, maintaining only that the Capitol Police owned and controlled the Hubbell TrukTrak placed openly and notoriously upon said public sidewalk.

2. The House has a duty to maintain said public sidewalk for passage of pedestrians. ( The standard of care owed by an owner or occupier of land is "reasonable care under all of the circumstances." *Sandoe v. Lefta Assocs.*, 559 A.2d 732, 738 (D.C. 1988)).

3. The House duty to maintain said public sidewalk for passage of pedestrians includes pedestrians who are pulling wheeled baggage carts, which are commonly used in business. <u>Ibid.</u>

4. The House and its employees and agents had actual or constructive knowledge of the Hubbell TrukTrak (Plaintiff's Exhibit 1, attached) placed openly and notoriously across said sidewalk. Indeed, affidavits and supporting documentation attached to Defendants' Motion to Dismiss have not denied knowledge of the Hubbell TrukTrak upon the Cannon HOB public sidewalk, and the affidavit of Mr. Filamor of the House counsel office admits "prior knowledge" of the TrukTrak as of some, albeit, unknown, date. (To recover against either an owner or occupier of land, the plaintiff must show "that the defendant had notice--either actual or constructive--of the present existence of an allegedly dangerous condition." <u>Croce v. Hall</u>, 657 A.2d 307, 311 (D.C. 1995)).

5. The House's knowledge of the placement of the Hubbell TrukTrak on the Cannon HOB public sidewalk included the knowledge that the Hubbell TrukTrak was intended as safe for the passage of trucks and vehicle and not intended as safe for the passage of pedestrians. See, <u>ibid</u>.

6. No warning was posted as to the danger posed to pedestrians by the Hubbell TrukTrak on the public sidewalk in First Street, SE, outside the Cannon HOB.

7. The House of Representatives failed to remove or mitigate the hazard to the public posed by the Hubbell TrukTrak on said public sidewalk.

8. On the morning January 15, 2003, at about 9:30 a.m, Jack Massengale, trailing a two- wheeled cart with a large lawyers briefing case bungeed on it and walking uphill toward and near Independence Avenue, fell face and head forward on said public sidewalk after walking over the Hubbell TrukTrak

| Product Data Sheet | |

# HBLTT2A



HAD TRUCK TRACK NOT TO
BE USED FOR PEDESTRIANS

2-Channel TrukTrak® Blue & Yellow.
Hubbell Wiring Device-Kellems' line of non metallic cable protectors are designed to safeguard electrical cables and cords from vehicle and pedestrian traffic. The TredTrak® system is a 5 channel modular cable protection system that will protect cable diameters up to 1.28" (32.5mm). It is designed to support pedestrian and light vehicle traffic in public, institutional and commercial applications. It can also be interconnected to protect cables and cords of any length. The Hubbell modular cable protector line also includes the TrukTrak® system for heavy duty applications. The TrukTrak™ system comes in 2, 3 and 5 channel sizes and will protect cables up to 3.25" (82.6mm) in diameter. It is ideal for the industrial environment where it is necessary to support heavy trucks and fork lifts. The Hubbell modular cable protection line also permits compliance with NEC® requirements (Article 525) for insulating electrical cables and cord at carnivals, amusement parks, convention centers and similar public areas.

| Hubbell Wiring Device-Kellems Product Specifications | |
|---|---|
| Product Line |  TrukTrak- Heavy Duty Modular Cable Protection |

Plaintiff's
Exhibit
1
page 1
of 3

| # of Channels | 2 Channel |
|---|---|
| TrukTrak Variety | 36" Trak |
| Color | Blue & Yellow |
| Material | Cast polyurethane |
| Operating Temperature | -40° F to +120° F (-40°C to +49°C) |
| Hinge Material | Reinforced fiberglass |
| Safety Symbols | Per ANSI. Z535.3-1991 |
| Length (A) | 36" (914.1) |
| Width (B) | 22" (558.8) |
| Height (C) | 4.13" (101.6) |
| Channel Width (D) | 3.25 (82.6) |
| Channel Height (E) | 3.25" (82.6) |
| Weight | 44 lbs. (19.9 kg) |
| Maximum Load lbs. (N) @ 21°C | 10,880 (48,394) |
| Maximum Load lbs. (N) @ 48°C | 2,095 (9,318) |

| Features/Benefits ||
|---|---|
| **Features** | **Benefits** |
| • High density polyurethane construction | • Supports heavy loads and is weather resistant |
| • Modular interlocking design | • Easy installation, breakdown and storage |
| • Safety surface pattern | • Reduces slipping and skidding |
| • Circular blue and yellow colors | • High visibility |
| • Screw down cover | • Optional tamper resistance |



*Plaintiff's Exhibit 1 page 2 of 3*



Hubbell Incorporated (Delaware)
185 Plains Road
Milford, CT 06460-2420
Ph: (203) 882-4800
Fax: (800) 255-1031



Wiring Device-Kellems

Plaintiff
Exhibit
1
page 3 of 3



**PATIENT PROFILE**

Patient ID: 1837        Name: JACK MASSENGALE        Tetanus:

Allergies                              Foot Note
NOVACAINE

| Date | Time | Blood Pressure | Temp. | Blood Sugar | Disposition |
|---|---|---|---|---|---|
| 1/15/2003 | 10:40 | 147 Over 78 | | | *Pt treated & released to seek addl eval post fall off site. |

Notes: Date: 1/15/03
Time: 10:40 a.m.
Location: SCUS H.S.
Nurse: JB
Officer Completeing Report: Fortin

Patient: Jack Massengale
SSN: 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
DOB: 7/26/1921
Address: 7105 Steed Court
         Hyattsville, MD 20782
Telephone: (H)301-277-7431  (W)202-347-3100
Responsible Party: Self
Past Medical History: Spinal Stenosis
Current Medical History: 1 week old bruise (per wife) around orbit of R.eye.

Allergies: Novacaine
Medications: Norvasc, Proscar, Tylenol w/Codeine (hs for spinal stenosis), Benadryl (hs)

10:40  BP=147/78  P=64

Assessment: Pt "fell (tripped over barrier on sidewalk)" somewhere between Union Station & SCUS. States he "hit his L.wrist and the R.side of his head" and was briefly dizzy afterward. Now has pain and edema of L.wrist.
No breaks in skin, old bruise @ R.eye orbit (though pt says area is tender).

Intervention: Rigid splint app to L.wrist, ice app to area of edema & pain.

Response: Adv to see PMD or ER ASAP for x-ray and further eval of wrist. Pt states he will go to the office (on Metro) and seek care later on in the day.

*1 of 1*

Plaintiff's Exhibit 2 page 1 ?

## Emergency Response Sheet

Date: 1-15-03
Time: 10:40 A
Location: Supreme Court Health Services
Person or Party requesting medical assistance:
Nurse: John Bartkowiak RN
Police Officer completing report: OFFICER FORTIN

Patient: Jack Massengale
SSN: 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
DOB: 7-26-21
Address: 7105 Steed Court
Hyattsville MD 20782
Telephone: H- 301-277-7431  W- 202-347-3100

Family or responsible party: self
Group or Organization:
Chaperone:

Past Medical History: Spinal Stenosis

Current Medical History: Old bruise (1wk old) @ orbit of ® eye

Allergies: Novocaine
Medications: Norvasc, Proscar, Tylenol & Codeine, Benadryl HS at night for spinal stenosis
Neurological Status: alert + oriented

| Blood Pressure | Pulse | Respiration | Temperature | Time |
|---|---|---|---|---|
| 147/78 | P-64 | | | 10:40 A |

Assessment: Pt fell (tripped over parries on sidewalk) between ~~Station~~ + Court. States he hit his ® wrist + ® side of head and was briefly dizzy afterward. Now pain + edema of ® wrist.

Intervention: Rigid splint to ® wrist, ice app.

Response: Adv to see PMD or ER ASAP for x-ray + further eval of wrist. Pt will go to office and seek care later on.

Plaintiff's Exhibit 2 p. 2/2

# Memorandum

**To:** Whom It May Concern

**From:** John Bartkowiak

**Date:** December 14, 2004

**Re:** Jack Massengale

---

I cared for injuries that Mr. Massengale sustained on January 15, 2003. The attached record is an account of the care that Mr. Massengale received. Mr. Massengale stated to me over the telephone today that the record indicates that his injury occurred between Union Station and the Supreme Court of the United States, however, he states that the injury actually occurred between the Capitol South Metro and the Supreme Court of the United States.


John Bartkowiak

*John Bartkowiak RN*

*Plaintiff's Exhibit 3*