UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 6 - 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| JACK CHARLES MASSENGALE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 05cv2275 (RJL) |
| ) | |
| UNITED STATES, and the ) | |
| UNITES STATES HOUSE ) | |
| OF REPRESENTATIVES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
(November 3rd, 2006) [#4, #7, #10]

Plaintiff alleges that he is entitled to damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b), as the result of injuries sustained when he fell outside a House of Representatives office building. Defendants move to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Plaintiff has also moved for summary judgment. Because plaintiff failed to present his claim for damages to the appropriate federal agency within the two-year statute of limitations, defendants' motion is GRANTED, and plaintiff's motion is DENIED as moot.

### BACKGROUND

Plaintiff alleges that on January 15, 2003, he fell and injured himself while "walking over a Hubbell TrukTrak . . . barrier placed all-the-way across the public sidewalk" in front of the Cannon House Office Building. (Compl. ¶ 2.) He claims that he sustained various

injuries as a result of his alleged fall. (*Id.* ¶ 3.)

Prior to submitting his written claim, plaintiff discussed his accident with an attorney from the House of Representatives Office of the General Counsel who informed plaintiff that any administrative tort claim that might arise from this incident would be properly filed with the U.S. Capitol Police who maintain the TrukTrak devices. (Defs.' Mot. Dismiss, Ex. 1, Filamor Decl. ¶ 3.) Nearly two years later, however, on December 23, 2004, plaintiff mailed his written claim form, addressed to the House of Representatives, to the U.S. Department of Justice, Torts Branch ("DOJ"). (*Id.*, Ex. 2, Bodolay Decl. ¶ 7, exhibits attached thereto.) The DOJ received plaintiff's papers on December 28, 2004 and forwarded the written claim to the House of Representatives Office of General Counsel on February 8, 2005. (*Id.* ¶¶ 6, 8-9.) The House of Representatives Office of General Counsel received the transferred claim on February 25, 2005, and re-forwarded the claim in turn to the U.S. Capitol Police on February 28, 2005. (*Id.*, Ex. 1, Filamor Decl. ¶¶ 4-5.) Ultimately, the U.S. Capitol Police received plaintiff's transferred claim on March 2, 2005, nearly six weeks after the expiration of the two year statute of limitations. (*Id.*, Ex. 3, Barrios Decl. ¶ 5.)[1]

## ANALYSIS

The United States and its agencies are immune from suit unless Congress has expressly provided consent to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

---

[1] Plaintiff did send some material directly to the U.S. Capitol Police, namely, various medical records, but he did not submit a claim form, and those materials were not received by the Capitol Police until January 20, 2005. (*Id.* ¶ 6.)

While the Court must construe the complaint liberally in determining whether the Court has subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), *see Scandinavian Satellite Sys., AS v. Prime TV Ltd.*, 291 F.3d 839, 844 (D.C. Cir. 2002) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)), it is still the plaintiff's burden to demonstrate jurisdiction, *Tremel v. Bierman & Geesing, L.L.C.*, 251 F. Supp. 2d 40, 43 (D.D.C. 2003). In resolving a motion to dismiss under Rule 12(b)(1), a court may consider materials outside the pleadings. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 n.3 (D.C. Cir. 1997).

The federal government and its agencies are "absolutely shielded from tort actions for damages unless sovereign immunity has been waived."[2] *See United States v. Kubrick*, 444 U.S. 111, 117-18 (1979) ("We should also have in mind that the Act waives the immunity of the United States and that in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended.") (citations omitted); *Kline v. Republic of El Salvador*, 603 F. Supp. 1313, 1316 (D.D.C. 1985) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)). The FTCA waives sovereign immunity in a limited number of tort actions, but requires a

---

[2] The FTCA provides that the United States shall be liable for certain tort claims, but it does not create a cause of action against entities of the United States such as the House of Representatives, 28 U.S.C. § 2674, 2679(a). *See, e.g., Adeogba v. Migliaccio*, 266 F. Supp. 2d 142, 145 (D.D.C. 2003); *Beran v. United States*, 759 F. Supp. 886, 891 n.13 (D.D.C. 1991). Indeed, in his Opposition brief, plaintiff "consents to Defendants' Motion to Dismiss the House of Representatives" from this suit. (Pl.'s Resp. Defs.' Mot Dismiss ¶ 11.) Accordingly, the House of Representatives is dismissed as a defendant.

3

plaintiff,[3] before initiating a suit in federal court, to file his claim in writing with the *appropriate* federal agency within two years. *See* 28 U.S.C. §§ 2401(b), 2675(a). Thus, the filing of such a claim is a mandatory prerequisite to filing a lawsuit against the United States, and without it, a court lacks jurisdiction to entertain a tort claim against the United States.[4] *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Serv.*, 937 F. Supp. 11, 14 (D.D.C. 1996). Not surprisingly, federal courts have routinely dismissed claims where the plaintiff, near the end of his statutory filing period, filed in the first instance with an inappropriate agency. *See Hart v. DOL*, 116 F.3d 1338, 1341 (10th Cir. 1997); *Cronauer v. United States*, 394 F. Supp. 2d 93, 100-02 (D.D.C. 2005); *Lotrionte v. United States*, 560 F. Supp. 41, 43 (S.D.N.Y. 1983). Indeed, claims have been held to be time-barred even when the closing days of the statutory period were expended by an agency acting to transfer the misdelivered claim to the appropriate agency. *See, e.g., Bukala*, 854 F.2d at 204.

---

[3] In reviewing the requirement of the FTCA, the Supreme Court ruled that *pro se* litigants should be held to the same standard as represented litigants. *McNeil v. United States*, 508 U.S. 106, 113 (1993). The Court explained that "'in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" *Id.* (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)).

[4] Some courts have deemed administrative claims that were not filed timely with the appropriate federal agency to have been constructively filed. *See e.g., Bukala v. United States*, 854 F.2d 201, 204 (7th Cir. 1988); *Greene v. United States*, 872 F.2d 236, 237 (8th Cir. 1989). In both of those cases, however, the agencies had failed to transfer the claims to the appropriate agency as required by 28 C.F.R. § 14.2(b)(1). *Bukala*, 854 F.2d at 203; *Greene*, 872 F.2d at 237.

In this case, plaintiff submitted his eleventh-hour claim to the Department of Justice instead of to the U.S. Capitol Police, which statutorily is the appropriate agency due to its responsibility for the grounds surrounding the Capitol building, 28 U.S.C. §§ 1961, 1963-65. As a result of plaintiff's eleventh-hour filing with an inappropriate agency, the U.S. Capitol Police did not receive the plaintiff's administrative claims until March 2, 2005, almost six weeks after the two-year statute of limitations period had expired. (*See* Defs.' Mot. Dismiss, Ex. 3, Barrios Decl. ¶ 5.) Thus, plaintiff, having failed to file his claim in a timely manner with the appropriate agency, and in the absence of any facts to suggest negligence or misconduct by the government in its attempt to forward plaintiff's complaint to the appropriate agency, the defendant's motion to dismiss is GRANTED and Plaintiff's motion for summary judgment is DENIED as moot. An appropriate Order accompanies this memorandum.

_____
RICHARD J. LEON
United States District Judge