

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

JACK CHARLES MASSENGALE
      **Plaintiff**                          CIVIL ACTION NO 05-2275 (RJL)
~~(RJL)~~

**v.**

UNITED STATES, and the
UNITED STATES HOUSE OF REPRESENTATIVE
      **Defendants**

## PLAINTIFF'S REQUEST FOR RECONSIDERATION
## OF THE FINAL JUDGMENT OF DISMISSAL

1. The Court's Final Judgment of Dismissal makes no analysis whatever of whether the House of Representatives or the Capitol Police is the appropriate agency to file a Federal Tort Claims Act (FTCA) claim with, or whether the two agencies are jointly and severally liable under District of Columbia law so as to make either or both the appropriate agency to file an FTCA claim with.

2. Before an action may be filed under the Federal Tort Claims Act, an administrative claim must be presented to the federal agency employing the person whose act or omission caused the injury. Presentation of an administrative claim to the appropriate agency is a jurisdictional prerequisite to suit. <u>McNeil v. **United States**</u>, 508 U.S. 106, 113 S.Ct. 1980 (1993). Title 32 of the Code of Federal Regulations (CFR) Part *536.6,* states:

   > Determination of liability. (a) In the adjudication of tort claims, the liability of the United States generally is determined in accordance with the law of the State or country where the act or omission occurred, except that any conflict between local law and the applicable United States statute will be resolved in favor of the latter.

   In the District of Columbia, joint tortfeasors are jointly and severally liable for a claimant's compensatory damages, and damages cannot be allocated. **<u>Remeikis v.</u>** Boss



& **Phelps, Inc.,** 419 A.2d 986 (D.C. 1980). Thus, the House of Representative, on whose

sidewalk the Plaintiff tripped, is either the best agency to file a claim with under the

FTCA or one of the two joint and severally liable agencies to file a claim with under

District of Columbia law and the FTCA.

3.  Plaintiff fell on the House of Representatives sidewalk surrounding the Cannon House

    Office Building on First Street NE, while journeying over a Hubbell TrukTrak cable

    cover that was sitting openly and notoriously on the said ~ House of Representatives

    sidewalk. The Hubbell TrukTrak on the House of Representatives sidewalk was used to

    cover an ordinary outdoor electrical cable such as is used to power electrical lawn

    mowers, and was grossly oversized for this simple task

4.  The only words as to which of the two agencies was appropriate with the Court's

Judgment were these:

> Prior to submitting his written claim, plaintiff discussed his accident with an attorney
> from the House of Representatives Office of General Counsel who informed plaintiff
> that any administrative tort claim that might arise from this incident would be
> properly filed with the U.S. Capitol Police who maintain the TrukTrak devises. (Defs'
> Mot. Dismiss, Ex. 1, Filamor Decl., Paragraph 3).

5.  By abdicating its judicial responsibility to Mr. Filamor's bureaucratic finger pointing, the

    Court's later "Analysis" is fatally flawed, simply carrying water (and leaking heavily) on

    behalf of Mr. Filamor. In the same Declaration by Mr. Filamor, cited by the Court, Mr.

    Filamor admitted timely receipt of my FTCA complaint. Had the Court made an

    "Analysis" of Mr. Filamor's finger pointing, it would have seen the finger pointed should

    have been appropriately pointed right back at House of Representatives. Thus, the Final

    Judgment of Dismissal, without trial, should be reversed, because I, the Plaintiff, made

    timely complaint with the House of Representative, which was either the best appropriate

agency, or a jointly and severally appropriate agency.

6. My Affidavit of Jack C. Massengale As To Mailing Of the Federal Tort Claim Act
   (FTCA) Administrative Claim, filed 2006 April 27, at paragraph 2 notes that I was told to
   mail my complaint to the U.S. Department of Justice, due to the mailing delays caused by
   the anthrax scare at the House of Representatives. Within the contest of my affidavit, the
   use of the phrase, "I was told at some point by someone to mail my complaint,,," to US
   DOJ should be read as indicating that the person referred to was within the House of
   Representatives. I also attach an affidavit clarifying this point. Thus, my reliance on
   advice from the House of Representatives must be seen as the cause of the mailing to the
   US DOJ and receipt of the FTCA complaint by the US DOJ should be seen as receipt by
   the appropriate agency.

      Respectfully submitted

      Jack C. Massengale, Pro Se
      7105 Steed Court
      Hyattsville, MD 20782
      301-277-2633
      fedservice@yahoo.com
      [please correct my address in the Court's records]

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

JACK CHARLES MASSENGALE
     **Plaintiff**                      CIVIL ACTION NO 05-2275 ( RJL )
~~(RJL)~~

**v.**

UNITED STATES, and the
UNITED STATES HOUSE OF REPRESENTATIVE
**Defendants**

### SUPPLEMENTAL AFFIDAVIT OF JACK C. MASSENGALE
### AS TO FALL ON SIDEWALK
### OUTSIDE CANNON HOUSE OFFICE BUILDING

After my accident on Government property where they had a barrier, Hubbell

TrukTrak, on the sidewalk outside the House of Representative's Cannon House Office

Building along First Street NE. I notified the Attorney for the House of Representatives, a

Mr. Filamore who told me I should also serve the Capitol Police as they were also

responsible for the TrukTraks. Also, I had U.S. Senator Barbara Mikulski's office ask the

House of Representative's attorney to have a doctor examine me to see what my injuries

were, including my head injury, loss of hearing in right ear, bones broken in my chest and

wrists, and back injury and knee injury and eye injury and hearing injury, and other

portion of my body.

_Jack Massengale_
Jack C. Massengale

I hereby affirm the above to be true and correct according to the best of my information
and belief this _14_ day of November 2006.

_Jack Massengale_
Jack C. Massengale

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

**JACK CHARLES MASSENGALE**
        **Plaintiff**                           CIVIL ACTION NO 05-2275 (RJL)
~~(RJL)~~

**v.**

**UNITED STATES, and the**
**UNITED STATES HOUSE OF REPRESENTATIVE**

        **Defendants**

## PLAINTIFF'S REQUEST FOR RECONSIDERATION
## OF THE FINAL JUDGMENT OF DISMISSAL

Certificate of Service

I Jack Massengale certify that I sent a copy of this Motion to the following this 15th day of
November 2006:

Alan Burch, Esq.
Cindy Parker, Esq.
Office of the U.S. Attorney
555 4th Street, NW
Washington, DC  20530
"Alan Burch" <alan.burch@usdoj.gov", "Cindy Parker" <cindy.parker@usdoj.gov>

Jack Massengale