UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACK CHARLES MASSENGALE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 05-2275 (RJL) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, and the ) | |
| UNITED STATES HOUSE OF REPRESENTATIVES, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR RECONSIDERATION**

Defendants, the United States and the U.S. House of Representatives, respectfully oppose Plaintiff's Motion for Reconsideration, no. [16]. Plaintiff's motion presents nothing to cast doubt on the correctness of this Court's dismissal of his action, much less anything that comes close to satisfying the standards for reconsideration. By order entered November 3, 2006, this Court granted Defendants' motion to dismiss Plaintiff's tort claims on the grounds that Plaintiff filed his administrative claim after expiration of the statute of limitations in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b).

**Legal Standard for Reconsideration**

A "Motion for Reconsideration," although not expressly provided for in the Federal Rules of Civil Procedure, may be treated as a motion to alter or amend judgment pursuant to Rule 59(e) if it is filed within 10 days of entry of the judgment. See Derrington-Bey v. District of Columbia Dept. of Corrections, 39 F.3d 1224, 1226 (D.C. Cir. 1994). The grounds upon which a party may seek reconsideration of a Court's order under Rule 59(e) are narrow. Such motions are

discretionary, and need not be granted absent (1) an intervening change of law, (2) newly discovered evidence, or (3) to correct a clear error or prevent manifest injustice.  See Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996); McDonnell Douglas Corp. v. NASA, 109 F. Supp.2d 27, 28 (D.D.C. 2000); New York v. United States, 880 F. Supp. 37, 38 (D.D.C. 1995).  "A trial court has broad discretion to grant or deny a motion for reconsideration."  McDonnell Douglas, 109 F. Supp.2d at 28.  See generally Dyson v. Pharmacia & Upjohn, Inc., 129 F. Supp.2d 19, 20-21 (D.D.C. 2001).

**Argument**

None of Plaintiff's arguments support reconsideration.  First, Plaintiff argues that the Court nowhere analyzed the question of which agency was the appropriate agency to receive his administrative claim, or whether the House of Representatives and the U.S. Capitol Police should be held jointly liable under D.C. tort law.  See Plf. Mot. Recon. at 1-2.  As to the first assertion, Plaintiff misses the Court's analysis, see Mem. Op. at 5, in which it explains that the Capitol Police was the appropriate agency in light of its statutory responsibility to maintain the grounds where Plaintiff tripped.  As to the second assertion, it is simply irrelevant what D.C. law may have to say about joint liability of federal agencies, because the case is governed by federal law--the FTCA--which provides for liability of the United States, not particular agencies.  Thus, paragraphs one through five of Plaintiff's opposition are simply incorrect.

Second, Plaintiff asserts that "his affidavit" of April 2006, paragraph 2, should be read to imply that someone at the House of Representatives told him to file his claim with the U.S. Department of Justice.  See Plf. Opp. at ¶ 6.  The simple fact is that his declaration contains no language supporting such an inference.  See Plf. Aff't (notarized April 8, 2006), attached to Plf.

2

Opp. Mot. Dismiss, no. [6].  Moreover, his Supplemental Affidavit, attached to his motion for reconsideration, repeats and confirms what the House of Representatives has been saying all along: that its attorney correctly advised Plaintiff to file his administrative claim with the Capitol Police.  See Plf. Supp. Aff't at 1 ("Mr. Filamore . . . told me I should also serve the Capitol Police as they were responsible for the TrukTraks.").  Plaintiff's mere insertion of "also" is insufficient to contradict the Filamore declaration or change the Court's analysis.

     In sum, Plaintiff has cast no doubt whatsoever on the Court's dismissal decision, much less shown either (1) an intervening change of law, (2) newly discovered evidence, or (3) the need to correct a clear error or prevent manifest injustice.  His motion for reconsideration should therefore be denied.

November 30, 2006                                         Respectfully submitted,

                                                              JEFFREY A. TAYLOR, D.C. Bar # 498610
                                                              United States Attorney

                                                               /s/
                                                              RUDOLPH CONTRERAS, D.C. Bar # 434122
                                                              Assistant United States Attorney

                                                              /s/
                                                              ALAN BURCH, D.C. Bar # 470655
                                                              Assistant United States Attorney
                                                              555 4th St., N.W.
                                                              Washington, D.C. 20530
                                                              (202) 514-7204
                                                              alan.burch@usdoj.gov

**Certificate of Service**

I hereby certify that I caused a copy of the foregoing Defendants' Opposition to Plaintiff's Motion for Reconsideration to be served upon *pro se* plaintiff by first class mail addressed to:

   Jack Charles Massengale
   7105 Steed Ct.
   Hyattsville, MD 20782

on this 30th day of November, 2006.

                                        /s/
                                        ALAN BURCH, D.C. Bar # 470655
                                        Assistant United States Attorney
                                        555 4th St., N.W.
                                        Washington, D.C. 20530
                                        (202) 514-7204
                                        alan.burch@usdoj.gov